KERRY D. HICKS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hicks v. Commissioner
Docket No. 3985-83.
United States Tax Court
T.C. Memo 1985-141; 1985 Tax Ct. Memo LEXIS 490; 49 T.C.M. (CCH) 1039; T.C.M. (RIA) 85141; March 26, 1985. Kerry D. Hicks, pro se. Ronald Rosen and Mark Priver, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to the *491 provisions of section 7456 and Rules 180, 181, and 183. [1] The Court agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This case is before us on respondent's motions to dismiss and for an award of damages. We grant respondent's motions. Respondent determined deficiencies in Federal income tax for the year 1980 in the amount of $9,263.52, together with additions to tax under the provisions of section 6651(a) of $2,315.88, under section 6653(a) of $463.18 and under section 6654(a) of $592.86. The determination was based upon a failure to file income tax returns and to report income in the amount of $33,958. Petitioner, a resident of Sylmar, California, timely filed his petition with this Court, a form petition which was identical in nature with those filed by several hundred others in the southern California area. We have, time and again, held such petitions to be meritless. [2] In the petition *492 it is alleged that respondent bore the burden of proving the allegations in the deficiency notice; that petitioner was not required to file a return or pay a tax under the Internal Revenue Code; that petitioner received nothing of tangible value that qualified as income and he enjoys no gant of privilege or franchise; that petitioner was not in receipt of either gain or profit; that petitioner did not volunteer to self-assess himself; and that the income tax system is based on voluntary compliance and petitioner did not volunteer. After filing his petition, petitioner requested a jury trial which was denied. He also filed a document which was treated as a motion to dismiss in which he stated that he had mistakenly filed his petition with this Court and *493 that this Court had no authority to decide the matter. This motion was denied. A second document entitled "Purgatory/Decisiory Oath" was treated as a motion to dismiss and denied. The gist of this document was that petitioner's earnings were his alone, that he had learned through the teachings of Your Heritage Protection Association that he was not under the jurisdiction of the Internal Revenue Code and he did not have personal income tax liability. Petitioner appeared at the call of the calendar on August 28, 1984, at which time he was fully advised by the Court that the various allegations in his petition were frivolous. He was advised that he had invoked the jurisdiction of the Court through filing his petition. At the date set for trial the Court explained to petitioner, a lay person, that the burden of proving the deficiency notice incorrect rested upon him and that it was his obligation to go forward with evidence in that regard. Additionally, since he had stated that he intended to "stand on the Fifth," the Court explained that a claim of self-incrimination did not serve to shift the burden of going forward with the evidence to respondent. Petitioner testified that *494 he worked under a union contract, that when he cashed his check he "was paid in whatever the bank had to offer at the time." His argument apparently is that he received nothing ov value. This was his only argument in regard to the amount of income he received. He refused to place into evidence any information about any deduction, credits or exemptions to which he was entitled. In this posture, it is appropriate to dismiss the petition. Rules 123(b) and 149(b) provide: RULE 123. DEFAULT AND DISMISSAL * * * (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * RULE 149.FAILURE TO APPEAR OR TO ADDUCE EVIDENCE * * * (b) Failure of Proof: Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof *495 and which has not been conceded by his adversary, may be ground for dismissal or for determination of the affected issue against that party. We turn to respondent's motion for damages. Petitioner was advised at the call of the calendar and at the trial that his petition was frivolous and he was nevertheless given the opportunity to present evidence indicating that the deficiency notice was incorrect. He chose not to do so despite the urging of the Court. Accordingly, it is apparent that petitioner filed and maintained his petition primarily for purposes of delay. In addition, the petition is frivolous. See ; , affd. . We therefore award damages to the United States pursuant to the provisions of section 6673 in the amount of $5,000. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted. All Rules references are to the Tax Court Rules of Practice and Procedure unless otherwise noted.↩
2. See, e.g., ; Gabaldon v. Commissioner,↩ T.C. 1984-107; ; ; ; ; .